IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **GREGORY SLATE,**<br><br>            Plaintiff,<br><br>      vs.<br><br>**AMERICAN BROADCASTING COMPANIES, INC., ET AL.,**<br><br>            Defendants. | Civil Action No. 09-1761 (BAH/DAR) |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION
FOR LEAVE TO FILE AN AMENDED COMPLAINT**

Plaintiff nominally brings this motion because Defendants informed him that he had named a wrong party. However, the proper response to that information would be a motion to substitute parties, as Plaintiff did previously in this case for this very reason. Had he done so, Defendants would not object.

However, that is not what Plaintiff is attempting to do here. Rather, Plaintiff is attempting to add a party, even though he provides and pleads no basis to continue to pursue a claim against the wrongly-named entity. Moreover, the facts strongly suggest that Plaintiff is pursuing this strategy for collateral reasons: to demand that Defendants re-plead their affirmative defenses in an effort to circumvent the Court's recent ruling effectively denying him that relief directly, and to multiply the number of defendants in order to apply the same multiple to the volume of discovery that he may conduct. In these circumstances, Plaintiff's motion should be denied, or alternatively denied without prejudice to his ability to move again to merely effect a substitution of parties.

1

## FACTS AND PROCEDURAL BACKGROUND

By way of relevant background, this motion is actually the Plaintiff's second motion for leave to amend his complaint.

The circumstances surrounding the first are set forth in this Court's Memorandum Opinion and Order dated March 2, 2011, denying Plaintiff's Motion for Leave to File Out of Time a Motion to Strike Defendants' Affirmative Defenses. As the Opinion sets forth, *see* Dkt. No. 34 at 1-2, 5-6, Plaintiff's original Complaint incorrectly identified the corporate identity actually responsible for producing and broadcasting the ABC News *20/20* program, which is American Broadcasting Companies, Inc. To cure this deficiency, Defendants volunteered this information and agreed that Plaintiff would file an amended complaint substituting the correct entity for the incorrect one originally pled. Plaintiff in turn agreed that the Answer filed to the original Complaint would be deemed sufficiently responsive to the Amended Complaint. *Id.*

After discovery ensued, Defendants realized another party had been incorrectly named. The Amended Complaint suggests Plaintiff wants to sue an entity associated with the ABC News website ("ABCNews.com"). In answers to interrogatories served in May 2010, Defendant again voluntarily informed Plaintiff that the correct entity would be ABC News/Starwave Partners, not "ABC News Interactive Inc.," the entity named in the Amended Complaint.[1] Resps. to Slate's 1st Set of Interrogs. to Def. ABC News Interactive, Inc. ("ANI Resp.") (Dkt. No. 35-5 at 2).

Nonetheless, on January 28, 2011, Plaintiff served nine additional interrogatories concerning the merits of the underlying copyright issues in this case, and served them only on Defendant ABC News Interactive, Inc. ("ANI") – the party which he had previously been

---

[1] Contrary to what is implied in Plaintiff's Motion for Leave to Amend the Complaint, in so doing Defendants in no way suggest or admit this entity should bear any liability in this matter.

2

informed was incorrectly named.  On March 1, 2011, Defendant ANI objected to those interrogatories on multiple grounds, including (1) that it was not the proper entity to respond to the interrogatories; (2) that in any event Plaintiff was, and should continue to be, limited to a total of 25 interrogatories in the case, and had already exceeded that number; and (3) even if he were permitted to serve 25 separately on each defendant (for, at that point, a total of 75), the specific interrogatories ranging from a half page to a page each exceeded that number because properly counted, there were far more than nine.  Opp'n to Pl.'s Mot. to Compel ANI's Answers to Interrogs. at 3-9 ("Opp'n") (Dkt. No. 43).

Within minutes of receiving these interrogatory responses, Plaintiff sought Defendants' counsel's consent to file a motion for leave to amend the Complaint to add ABC News/Starwave Partners.  *See* Ex. 1, E-mail from G. Slate to C. Bowman (Mar. 1, 2011).  In response, Defendants' counsel informed Plaintiff that they would likely consent to his proposed amendment, provided that Plaintiff consented to the same terms that the parties had previously agreed to with respect to substituting corporate defendants in this case.  Specifically:

> Defendants would likely consent to an amendment of the caption to name ABC News/Starwave Partners provided that you agree to the following conditions:  (1) that the only difference from the existing Amended Complaint is that ABC News Interactive, Inc. is dropped from the action and ABC News/Starwave Partners is substituted, (2) that the motion to amend states that there is no need for any Defendants to serve new answers to an amended complaint, and (3) that you forward a proposed amended complaint prior to any motion for leave to amend being filed, so that we can consent to, or object to, a specific document.

Ex. 2, E-mail from C. Bowman to G. Slate (Mar 3, 2011). A few hours later after receiving this offer, Plaintiff filed a Motion to Compel Defendant ANI's Answers to Second Set of Interrogatories.  (Dkt. No. 35).  The sole argument raised in the motion to

compel was that Plaintiff should be able to serve 25 separate interrogatories on each defendant, no matter how many defendants there are.

An hour after filing his motion to compel, Plaintiff declined Defendants' offer to consent to a substitution of parties. *See* Ex. 2, E-mail from G. Slate to C. Bowman (Mar. 3, 2011). In subsequent communications, Plaintiff made it clear that a purpose of the proposed amendment was to circumvent the Court's ruling denying leave to file his proposed motion to strike affirmative defenses, which was issued on March 2:

> "Your office has asserted that Defendants will not consent to Plaintiff's motion for leave to file the amended complaint unless Plaintiff, among other things, agrees that [d]efendants need not file a response to the amended complaint. As I have previously advised you, Plaintiff cannot agree to this condition because Defendants prior Answer asserts a number of factually unsupported affirmative defenses which do not meet pleading requirements and impair Plaintiff's ability to conduct effective discovery."

Ex. 3, E-mail from G. Slate to C. Bowman (Mar. 11, 2011).

On March 16, 2011 at 6:06 p.m., Defendants filed their Opposition to Plaintiff's Motion to Compel Interrogatory Responses, opposing Plaintiff's position that he should be able to serve 25 separate interrogatories on each defendant no matter how many defendants there might be. Opp'n (Dkt. 43). An hour later, Plaintiff filed the instant motion, seeking leave to amend to add another defendant. Mot. for Leave to File Am. Compl. (Dkt. 45).

## ARGUMENT

As a preliminary matter, we note that Plaintiff's repeated claims that he first learned on March 1, 2011 of a possible issue with respect to the corporate entities related to the ABC News website is simply not true. Pl. Mem. and Points of Auths. in Supp. Of His Mot. for Leave to File an Am. Compl. ("Pl. Mem.") at 2 & 3 (Dkt. No. 45-1).

Defendant ANI first provided this information, voluntarily, on May 24, 2010. ANI Resp. at 2 (Dkt. No. 35-5).

However, since this action was stayed for quite a while, if the instant motion for leave to amend were genuinely brought in good faith, Defendants would not object. In these circumstances, Defendants submit that a good faith amendment would proceed in the same manner as the original complaint was amended more than a year ago – *i.e.*, a simple substitution of parties. Instead, Plaintiff has elected to (1) seek to add an additional party without any explanation as to what basis there would be to retain ABC News Interactive as a Defendant; and (2) pursue a motion to compel against that party when the instant motion implicitly recognizes it may not belong in the case; and (3) insist that the filing of an amended complaint effectively afford him the relief the Court just denied with respect to Plaintiff's Motion to Strike Defendants' Affirmative Defenses (Dkt. No. 22-1).

This course, Defendants submit, is exactly the kind of use of proposed amendments for tactical purposes that the case law cautions against. *See, e.g.*, *Goolsby v. Carrasco*, No. 1:09-cv-01650, 2010 WL 3943642, at *3 (E.D. Cal. Oct. 1, 2010) (denying motion to amend complaint where plaintiff's "action related to the amended complaint, appears to be taken in bad faith for the purpose of obtaining a tactical advantage"); *Oneida Indian Nation of N.Y. State v. Cnty. of Oneida*, 199 F.R.D. 61, 80 (N.D.N.Y. 2000) ("A finding that a party is seeking leave to amend solely to gain a tactical advantage, also supports a finding that such an amendment is made in bad faith"); *Acri v. Int'l Ass'n of Machinists and Aerospace Workers*, 781 F.2d 1393, 1398-99 (9th Cir. 1986) (finding no error in denying motion to amend complaint even under liberal

Rule 15 standard where delay was result of a tactical decision). Accordingly, Plaintiff's Motion should be denied.

**A.     PLAINTIFF'S MOTION IS FUTILE IN PART.**

Rule 15 of the Federal Rules of Civil procedure sets out guidelines under which a plaintiff may move to amend his complaint. The rule provides for leave to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). Thus, "[w]ithin these bounds, a district court has discretion to grant or deny leave to amend under Rule 15(a)." *Atchinson v. District of Columbia*, 73 F.3d 418, 426 (D.C. Cir. 1996). Nevertheless, the presumption favoring leave to amend a complaint may be overcome where there is "any apparent or declared reason - such as undue delay, bad faith or dilatory motive on the part of the [plaintiff], repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Forman v. Davis*, 371 U.S. 178, 182 (1962).

In the instant case, the proposed Second Amended Complaint would at least in part be futile because it fails to allege a sufficient basis to continue to maintain a claim against Defendant ANI under the standards of *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true to state a claim to relief that is plausible on its face") (internal quotation marks and citation omitted); *Howard v. U.S. Dist. Ct.*, No. 09-5139, 2009 WL 2981979, at *1 (D.C. Cir. July 10, 2009) ("[a] plaintiff need not be given the opportunity to amend his complaint if it would be futile to do so") (citing *James Madison Ltd. by Hecht v. Ludwig*, 82 F.3d 1085, 1099 (D.C. Cir. 1996)); *Stoddard v. District of Columbia*, __ F. Supp. 2d __, 2011 WL 590365, at *5 (D.D.C. Feb. 18, 2011) ("An amended

complaint is futile if it merely restates the same facts as the original complaint in different terms, reasserts a claim on which the court previously ruled, fails to state a legal theory or could not withstand a motion to dismiss.") (internal quotation marks and citation omitted).

The purported basis for seeking leave to amend to add a new defendant, ABC News/Starwave Partners, is information voluntarily provided by Defendants in discovery to the effect that Plaintiff named the wrong party. But in addition to adding the new defendant, Plaintiff also seeks to maintain the old one, thereby refusing to cure the deficiency in his pleading in the first place. *See, e.g.*, *Terry v. U.S. SBA*, 699 F. Supp. 2d 49, 50 (D.D.C. 2010) (denying amendment where "even if plaintiff were to amend his complaint in the manner he proposes, these amendments would not cure the deficiencies in his claims"); *Price v. Phoenix Home Life Ins. Co.*, 44 F. Supp. 2d 28, 32-33 (D.D.C. 1999) (denying leave to amend because proposed amendments would not cure lack of subject-matter jurisdiction), *aff'd*, 203 F.3d 53 (D.C. Cir. 1999).

Plaintiff's sole basis for doing so is his allegation in paragraph 28 of the proposed Second Amended Complaint that "[o]n information and belief, ABC Interactive also displayed the footage on its 20/20 website" – which is the exact same allegation made in paragraph 29 with respect to the proposed new defendant. (Proposed) Am. Compl. (Dkt. No. 45-2). This type of conclusory "on information and belief" contention is plainly inadequate under *Iqbal*, and the amendment should be denied on this ground alone. *Iqbal*, 129 S. Ct. at 1940 ("the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals . . . supported by mere conclusory statements").

B.  **PLAINTIFF'S MOTION IS AN ATTEMPT TO CIRCUMVENT THE COURT'S DENIAL OF HIS MOTION FOR LEAVE TO STRIKE AFFIRMATIVE DEFENSES.**

That Plaintiff's motion is purely a tactical maneuver is only reinforced by all of the other reasons Plaintiff seeks to add, rather than merely substitute a party. First, Plaintiff himself notes that motions for leave to amend may be denied where they are brought "as an attempt to forestall a ruling." Pl. Mem. at 3, quoting *Reisner v. Gen. Motors Corp.*, 511 F. Supp. 1167, 1171-72 (S.D.N.Y. 1981), *aff'd*, 671 F.2d 91 (2d Cir. 1982). Yet by his own admission that is exactly what Plaintiff seeks to do – he seeks to forestall the effect of the Court's recent ruling on his motion to strike. This is not a proper basis to seek leave to amend. *Savoy v. White*, 139 F.R.D. 265, 269 (S.D.N.Y. 1991); *Prince v. Suffolk Cnty. Dep't of Health Servs.*, Nos. 89 Civ. 7243 & 89 Civ. 8055, 1995 U.S. Dist. LEXIS 4206, at *21-22 (S.D.N.Y. Mar. 31, 1995) (amendment denied where "plaintiff sought to amend the complaint quite literally on the eve of defendant's motion to dismiss, a fact that . . . makes it clear that plaintiff was motivated by a desire to forestall defendant's motion to dismiss"); *In re Taxable Mun. Bond Sec. Litig.*, Nos. 90-4714 & 90-4718,1993 U.S. Dist. LEXIS 17978, at *25 (E.D. La. Dec. 13, 1993) ("The fact that plaintiffs did not file their motion to amend until after defendants filed their motion for summary judgment suggests that plaintiffs' motive was to forestall ruling on defendants' motion").

Had Plaintiff been granted leave to move to strike Defendants' affirmative defenses and had the Court granted him relief on the merits, the most likely form of relief would have permitted Defendants to re-plead their affirmative defenses. But the Court specifically found that Plaintiff had failed to show good cause to go down that road,

because the parties had reached an agreement regarding the pleading of affirmative defenses and Defendants had responded to discovery in reliance on that agreement. Plaintiff should not be permitted to respond by filing a motion for leave to amend to effectively moot both that agreement and the Court's Order.

C.     **PLAINTIFF'S MOTION WILL MERELY ENLARGE DISCOVERY TO NO END**

Plaintiff also notes that a motion for leave to amend may be denied where it would "require the opponent to expend significant additional resources to conduct discovery and prepare for trial." Pl. Mem. at 3 (quoting *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993). Yet Plaintiff's positions and past actions demonstrate that is exactly what his effort to add more parties, rather than merely substitute them, would do. Plaintiff has made clear that the more defendants there are, the more interrogatories he should be permitted to serve and the more Rule 30(b)(6) depositions he should be permitted to take.

Indeed, the timing of this motion reinforces these collateral purposes. Plaintiff first e-mailed his intent to file this motion on March 1, after receiving Defendant ANI's objections to his latest interrogatories. However, Plaintiff then waited more than two weeks to file this motion, until exactly 75 minutes after Defendant ANI responded to his motion to compel interrogatories. The reasons for waiting are obvious – had he filed this motion earlier, it would have reinforced Defendant's arguments in opposition to his motion to compel that (1) ANI is not a proper party and Plaintiff knows that, and (2) permitting 25 interrogatories to be served on each defendant in this kind of case involving the same corporate family, no matter how many nominal parties there are, is merely a recipe for discovery abuse.

Having thus insisted without any basis to try to add, rather than properly substitute parties, Plaintiff's motion for leave to amend should be denied. *See Jordan v. Tapper*, 143 F.R.D. 567, 574 (D.N.J. 1992) (denying plaintiff's motion to amend where "[plaintiff] is trying to add new defendants instead of substituting a defendant because of a mistake concerning the identity of the proper party.")

### D.  PLAINTIFF WILL NOT BE PREJUDICED BY DENYING THE MOTION TO AMEND.

Moreover, Plaintiff will not in any way be prejudiced by such denial because there is no real purpose to be served by proceeding against multiple prongs of the same corporate family in any event.  Defendants have already produced the version of the *20/20* story that appeared on the ABC News website; there was no difference between the relevant segment broadcast on the air and posted on the website and Plaintiff does not allege otherwise.  That program was produced by Defendant American Broadcasting Companies, Inc., and in any event the current Amended Complaint alleges that any Defendant is liable for contributing to any infringement by any other corporate subsidiary.  Am. Compl. at ¶¶ 38-40 (Dkt. No. 9-2).  Moreover, Defendants have never suggested, and do not maintain, that the primary corporate defendant (American Broadcasting Companies, Inc.) would not be liable for damages, if any, that could be attributed to any availability of any version of the program on ABCNews.com if the program contained any infringing material (which Defendants maintain it did not).

In short, in addition to all the other reasons for denying it, the proposed amendment is simply unnecessary.  Indeed, in past memoranda Plaintiff seems to be accusing Defendants of playing some kind of corporate shell game.  In fact, the opposite is true.  Defendants have never suggested that its internal corporate structure would pose

a barrier to any recovery in this case for website or similar display. Rather, it was Plaintiff's decision to name multiple corporate subsidiaries, and then more recently to try to use the existence of multiple nominal defendants to conduct discovery in triplicate.

Thus, Defendants respectfully submit that Plaintiff's motion should be denied. In the alternative, the Court could deny the motion without prejudice to the re-submission of a motion for leave to amend that would merely effect a substitution of ABC News/Starwave Parties for ABC News Interactive, Inc. If the Court were to choose the latter alternative, Defendants respectfully request that the Court also order that the affirmative defenses pled in Defendants' original answer shall be deemed sufficiently responsive to the allegations in any such Second Amendment Complaint. Plaintiff should not be permitted to use the mechanism of seeking leave to amend to effect an end-run around the Court's ruling regarding the pleading of affirmative defenses.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that Plaintiff's motion for leave to amend be denied.

Dated: March 30, 2011

Respectfully submitted,

By:  /s/ Chad R. Bowman
     Nathan E. Siegel, (D.C. Bar No. 446253)
     Chad R. Bowman, (D.C. Bar No. 484150)

LEVINE SULLIVAN KOCH & SCHULZ, L.L.P.
1050 Seventeenth Street, N.W., Suite 800
Washington, D.C. 20036-5514
Telephone: (202) 508-1100
Facsimile: (202) 861-9888
Email: nsiegel@lskslaw.com
Email: cbowman@lskslaw.com