UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

GREGORY SLATE,

        Plaintiff,

        v.

AMERICAN BROADCASTING
COMPANIES, INC., *et al.*,

        Defendants.

Civil Action No. 09-01761 (BAH)
Judge Beryl A. Howell

## MEMORANDUM OPINION AND ORDER

Plaintiff Gregory Slate appeals from an April 18, 2011 Order by the Magistrate Judge denying his Motion to Compel Document Production from defendant American Broadcast Companies, Inc. (hereinafter "ABC"), ECF No. 38, in response to the plaintiff's Second Request for Production of Documents. In this case, the plaintiff alleges that defendants ABC, ABC News Interactive, Inc. (hereinafter "ANI"), and Disney/ABC International Television, Inc. are liable for copyright infringement and contributory copyright infringement for airing video footage filmed by the plaintiff on the defendants' news show *20/20*. By Minute Order on April 18, 2011, the Magistrate Judge to whom this case was referred for all discovery-related matters, *see* Minute Order dated Feb. 25, 2011 (Howell, J.), denied plaintiff's motion to compel defendant ABC's compliance with 21 separate document requests. Having reviewed the plaintiff's document requests, the Court concludes that the Magistrate Judge's decision to deny the plaintiff's motion to compel is not clearly erroneous or contrary to law. Accordingly, the Magistrate Judge's April 18, 2011 Minute Order is affirmed.

1

## I. LEGAL STANDARD

"A magistrate judge's decision is entitled to great deference unless it is clearly erroneous or contrary to law, 'that is, if on the entire evidence the court is left with the definite and firm conviction that a mistake has been committed.'" *Graham v. Mukasey,* 608 F. Supp. 2d 50 (D.D.C. 2009) (quoting *Donohoe v. Bonneville Int'l Corp.*, 602 F. Supp. 2d 1, 2 (D.D.C. 2009)); *see also* LCvR 72.2(c) ("[A] district judge may modify or set aside any portion of a magistrate judge's order under this Rule found to be clearly erroneous or contrary to law.").

## II. DISCUSSION

In denying the plaintiff's Motion to Compel, the Magistrate Judge concluded that the plaintiff's Second Set of Requests for Production of Documents to Defendant ABC, Inc. are not relevant matters for discovery. *See* FED. R. CIV. P. 26(b)(2)(C) (requiring court to limit discovery when "the burden or expense of the proposed discovery outweighs its likely benefit"). The plaintiff appeals only the part of the Magistrate Judge's Order that denied the Motion to Compel compliance with 15 of the plaintiff's 21 document requests.[1] Pl.'s Objections to Mag. J.'s Order Denying Pl.'s Mot. to Compel Document Production, ECF No 51, Apr. 18, 2011, at 1. These requests fall into five separate categories: (1) personnel and employment records for ABC employees; (2) unrelated allegations of copyright infringement against defendant ABC; (3) viewership and revenue information related to the alleged infringing news broadcast; (4) defendant ABC's policies regarding journalistic integrity and freelance journalists; and (5) 'Missing Receipt Forms' filed by ABC employees for reimbursement of expenses. The Court addresses the relevance of each category of document requests separately.

---

[1] Specifically, the plaintiff appeals the denial of his motion to compel production in response to document requests 1, 2, 3, 4, 6, 7, 10, 11, 12, 14, 15, 16, 17, 18, and 19 of plaintiff's Second Set of Requests for Production of Documents to Defendant ABC, Inc.

*A. Personnel and Employment Records for ABC Employees*

Document request numbers 1, 2, 4, 6, 10, 11, 12, and 16 seek the personnel and employment-related files of eight current and former ABC employees. The plaintiff states that the files "contain documents evidencing their qualifications, employment/educational histories, as well as disciplinary histories related to their employment with defendant [that] bears directly on their credibility as witnesses in this matter and will help define the scope of the witnesses' knowledge." Pl.'s Objections to Mag. J.'s Order, ECF No. 51, at 6. The Magistrate Judge, however, concluded that the information was not relevant to the plaintiff's copyright infringement claim, and the Court finds that this conclusion is well supported in the law and not clearly erroneous given the factual allegations in this case. The simple fact that ABC employees interacted with the plaintiff in the course of their employment does not provide a basis for allowing the plaintiff to explore these employees' personnel files, let alone forcing the defendants to produce them. *See Lurensky v. Wellinghoff,* 271 F.R.D. 345, 349 (D.D.C. 2010) (denying motion to compel production of potential witnesses' personnel files); *Prof'l Recovery Servs., Inc. v. Gen. Elec. Capital Corp.*, No. 06-cv-2829, 2009 WL 137326, at *4 (D. N.J. Jan. 15, 2009) ("[P]ersonnel files, even of a party's agent, may contain information that is both private and irrelevant to the case, and [] special care must be taken before personnel files are turned over to an adverse party." (internal citations omitted)).

*B. Unrelated Allegations of Copyright Infringement*

Document request number 3 seeks all documents and communications from third-parties relating to all allegations of copyright infringement by ABC. The Magistrate Judge found this request to be overbroad. The plaintiff contends that this information could, conceivably, establish a pattern and practice of copyright infringement, but this assertion is far outside the four

3

corners of the Complaint, which is focused on allegations that the defendants infringed a single work copyrighted by the plaintiff. Moreover, defendant ABC is a large media and broadcast company. As the defendants state, "[t]o try to identify all [copyright infringement] complaints, not to mention all legal files for every actual copyright infringement suit ABC has ever litigated, would be an absurdly Herculean task." Defs.' Opp'n to Pl.'s Objections to Mag. J. Minute Order Denying Pl.'s Mot. to Compel. Document Production, ECF No. 55, at 10. The plaintiff's document request is overbroad and the burden to produce responsive documents outweighs any possible relevance the information may have to these proceedings. *See* FED. R. CIV. P. 26(b)(2)(C) (requiring court to limit discovery when "the burden or expense of the proposed discovery outweighs its likely benefit").

    *C. Viewership and Revenue Information*

Document request number 7 seeks documents relating to the viewership of 20/20 news broadcasts; and document request number 19 seeks documents regarding advertising and income-producing activity related to the use of the video-footage underlying this copyright dispute. The Court bifurcated discovery in this case into separate liability and damages phases, limiting the current phase of discovery to evidence of the defendants' potential liability. *See* Minute Order dated Feb. 25, 2011 (Howell, J.); Scheduling Order, ECF No. 10, Dec. 8, 2009 (Sullivan, J.). The Magistrate Judge therefore correctly concluded that document request numbers 7 and 19 are improper because they are directed primarily toward the issue of damages.

    *D. Policies for Journalistic Integrity and Freelance Journalists*

Document request number 14 requests all documents related to policies concerning "journalistic integrity and standards." The defendants represent that "simply to avoid unnecessary dispute" they explained to the Magistrate Judge that defendant ABC planned to

produce the portion of its news policy regarding "source credibility, which even taking Plaintiff's arguments at face value is the only conceivable issue he claims is relevant." Defs.' Opp'n to Pl.'s Objections to Mag. J. Minute Order Denying Pl.'s Mot. to Compel. Document Production, ECF No. 55, at 13. The Magistrate Judge reasonably concluded that this information was sufficient and the relevance of the remainder of the plaintiff's document request was minimal.

Document request number 15 seeks "all documents related to ABC's policies relating to third-party freelancers and outside contractors." The defendants represent that in response to this request defendant ABC produced, *inter alia*, "a nearly 400-page labor agreement that sets forth in detail policies, procedures and terms by which freelancers perform[] all manner of tasks." *Id.* at 15. The Magistrate Judge reasonably concluded that this production was sufficient.

*E. Missing Receipt Forms*

Document requests 17 and 18 seek copies of "each and every 'Missing Receipts Form'" filed by a specific ABC employee and "each and every 'Missing Receipts Form'" filed in connection with 20/20 broadcasts between May 2007 and May 2008. The plaintiff seeks these documents because an ABC employee completed one Missing Receipts Form without listing the plaintiff's employer, which plaintiff argues supports his assertion that he is a freelance journalist. The defendants state that these receipt forms likely do not exist and the Magistrate Judge conclusion that this information is of minimal relevance to the case is reasonable.[2]

## III. CONCLUSION

For the forgoing reasons, the Court holds that the Magistrate Judge's denial of the Plaintiff's Motion to Compel Document Production from Defendant American Broadcasting

---

[2] The defendants argue that reporter's privilege also bars plaintiff's attempted discovery of these documents, a contention with which the plaintiff disagrees. The Court concludes that the plaintiff's request for Missing Receipt Forms is not relevant, and therefore the Court need not discuss the applicability of reporter's privilege in this context.

Companies, Inc., ECF No. 38, was not clearly erroneous or contrary to law. The Magistrate Judge's April 18, 2011 Minute Order is therefore AFFIRMED.

**SO ORDERED**.

May 27, 2011

*Beryl A. Howell*
BERYL A. HOWELL
United States District Judge