UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

GREGORY SLATE,

        Plaintiff,

        v.

AMERICAN BROADCASTING
COMPANIES, INC., *et al.*,

        Defendants.

Civil Action No. 09-01761 (BAH)
Judge Beryl A. Howell

## MEMORANDUM OPINION

Plaintiff Gregory Slate appeals from a June 24, 2011 Order by the Magistrate Judge partially denying his Motion to Compel Discovery, ECF No. 77, from defendants American Broadcast Companies, Inc. (hereinafter "ABC"), ABC News Interactive (hereinafter "ANI"),[1] and Disney/ABC International Television, Inc. In this case, the plaintiff alleges that the defendants are liable for copyright infringement and contributory copyright infringement for airing no more than 45 seconds of video footage filmed by the plaintiff on the defendants' news show *20/20*. By Minute Order on June 24, 2011, the Magistrate Judge to whom this case was referred for all discovery-related matters, *see* Minute Order dated Feb. 25, 2011 (Howell, J.), denied plaintiff's request to compel production of a laptop and an external computer hard drive (hereinafter "hard drives") that third-parties Diop Kamau and the Police Complaint Center

---

[1] On July 18, 2011, the Court granted the plaintiff leave to substitute ANI for ABC News/Starwave Partners. Minute Order dated July 18, 2011 (Howell, J.). ANI is no longer a defendant in this case. Second Am. Compl., ECF No. 88.

provided to the defendants in response to document subpoenas.[2] Concluding that the hard drives were an overproduction and inadvertently contained a large number of private, confidential files of third parties, which are not relevant to this case, the Magistrate Judge ordered that they be sequestered and that the defendants use no information from them. Having reviewed the plaintiff's motion to compel and the briefs submitted in support and in opposition to the plaintiff's appeal of the Magistrate Judge's Order, the Court concludes that the Magistrate Judge's decision to sequester the hard drives and to deny the plaintiff's motion to compel production of those materials is not clearly erroneous or contrary to law. Accordingly, the Magistrate Judge's June 24, 2011 Minute Order is affirmed.

## I. BACKGROUND

On June 16, 2011, the plaintiff filed a Motion to Compel in which he sought, *inter alia*, the defendants' production of a laptop[3] and an external hard drive[4] obtained from defendants' subpoenas to third-parties Diop Kamau and Mr. Kamau's organization, the Police Complaint Center (hereinafter "PCC"). ECF No. 77. Despite initially telling the plaintiff that they would supply him with copies of the files on the hard drives, the plaintiff alleges that "presumably after studying the contents of the hard drive, Defendants retracted their offer to produce to Plaintiff these highly relevant and probative materials which remain in their possession." Pl.'s Appeal of M.J. June 24, 2011 Order, ECF No. 84, at 3.

Defendants state that the hard drives provided by Mr. Kamau and the PCC in response to

---

[2] In addition to the external hard drive and laptop, Mr. Kamau also provided the defendants with "a number of discs with audio-visual material on it." Defs.' Opp'n Pl.'s Appeal, ECF No. 87, at 2. These discs were provided to the plaintiff.

[3] The defendants state that the laptop "contained about 15,000 files, also primarily old e-mails going back more than a decade" and "included communications and information likely deemed to be private and confidential." Defs.' Opp'n Pl.'s Appeal, ECF No. 87, at 3.

[4] The computer hard drive contained audio-visual material, some documents, and 15 .pst files, which held over 30,000 electronic message files, plus attachments. Defs.' Opp'n Pl.'s Appeal, ECF No. 87, at 2.

their subpoenas contained over 100,000 files. Defs.' Opp'n Pl.'s Appeal, ECF No. 87, at 3. The defendants reviewed "only a tiny fraction" of these files before realizing that Kamau overproduced documents, and included "documents [between Mr. Kamau and his attorney] that were obviously attorney-client privileged as well as communications with, by and concerning numerous non-parties to this case, including financial and other information that was likely confidential." *Id.* at 2 (". . . it became clear that those files appeared to simply be all e-mails stored in certain compressed files going back many years, rather than information specifically tailored to be responsive to the subpoena."). The "vast majority" of these files, according to the defendants, "likely had nothing to do with this case." *Id.* at 3. Believing that Mr. Kamau had not intended to supply such files, the defendants ceased reviewing the material. *Id.* at 2-3.

When the defendants contacted Mr. Kamau regarding the production, he stated that he did not intend to provide the confidential and privileged information and asked for it to be returned. *Id.* The defendants returned one or both of the hard drives[5] and then "sequestered everything that had been downloaded from them so that those files can no longer be reviewed by counsel."[6] *Id.* Defendants declare that "to this date, the vast majority of those files have never been reviewed by Defendants." *Id.* at 3.

On June 7, 2011, the parties addressed the issue of Mr. Kamau's overproduction before Magistrate Judge Robinson. She ordered the defendants to "produce to Plaintiff all documents provided by the witness now in Defendants' possession which Defendants intend to use at [Mr. Kamau's] deposition" and ordered the defendants to "retain all documents produced by the

---

[5] It is unclear whether the defendants returned to Mr. Kamau just the external hard drive, or both the hard drive and the laptop. The plaintiff states that the defendants "still possess an entire laptop computer." Pl.'s Reply, ECF No. 89, at 3. Regardless, however, the data from both the external hard drive and laptop has been sequestered.

[6] Defendants state that they "also retained a sequestered copy of the raw .pst files in the event of any dispute." Defs.' Opp'n Pl.'s Appeal, ECF No. 87, at 2-3.

witness until further order of the court." Minute Order dated June 8, 2011 (Robinson, M.J.).  The defendants complied with this order.

On June 8, 2011, the day before Mr. Kamau's deposition, Mr. Kamau provided the defendants with a CD representing a narrower production responsive to the subpoenas.  The CD contained a .pst file with an unspecified number of emails, amounting to "500 pages of documents," which the defendants used at Mr. Kamau's deposition and provided to the plaintiff.  Defs.' Opp'n Pl.'s Appeal, ECF No. 87, at 4.

On June 16, 2011, the plaintiff filed a motion to compel production of the sequestered data from the hard drives.  ECF No. 77.  The following week, on June 24, 2011, the parties appeared for a hearing before Magistrate Judge Robinson concerning a number of issues, including the plaintiff's motion to compel.  During this hearing, the defendants represented that they would not use any of the files from the hard drives to support a motion for summary judgment and that they would "produce audio-visual files contained on the external hard drive that had been received from Mr. Kamau, except for the .pst files, as well as all of the loose discs he had shipped containing audio-visual materials." Defs.' Opp'n Pl.'s Appeal, ECF No. 87, at 5.  The Magistrate Judge then granted in part and denied in part plaintiff's motion to compel, ordering the defendants to produce the audio-visual material, but denying plaintiff's request to compel production of the sequestered hard drives.  Minute Order dated June 24, 2011 (Robinson, M.J.).[7]

Plaintiff now appeals the "portions of the Magistrate's Order denying Plaintiff's Motion

---

[7] Defendants state that the plaintiff "has received (1) any documents used by Defendants at Mr. Kamau's deposition, (2) all e-mails and attachments produced in the narrower production by Mr. Kamau, with only third-party financial information redacted; (3) a very large volume of audio-visual materials, and loose documents, produced by Mr. Kamau on the external hard drive, but not the 15 .pst files containing roughly 30,000 e-mails going back many years, some of which appear privileged and many of which are non-responsive; and (4) an additional production, directly from Mr. Kamau, which Plaintiff has never produced to Defendants." Defs.' Opp'n Pl.'s Appeal, ECF No. 87, at 5.

4

to Compel documents produced to Defendants in response to their subpoena to Diop Kamau." Pl.'s Appeal of M.J. June 24, 2011 Order, ECF No. 84, at 1.

## II. LEGAL STANDARD

"A magistrate judge's decision is entitled to great deference unless it is clearly erroneous or contrary to law, 'that is, if on the entire evidence the court is left with the definite and firm conviction that a mistake has been committed.'" *Graham v. Mukasey,* 608 F. Supp. 2d 50, 52 (D.D.C. 2009) (quoting *Donohoe v. Bonneville Int'l Corp.*, 602 F. Supp. 2d 1, 2 (D.D.C. 2009)); *see also* LCvR 72.2(c) ("[A] district judge may modify or set aside any portion of a magistrate judge's order under this Rule found to be clearly erroneous or contrary to law.").

## III. DISCUSSION

The plaintiff objects to the Magistrate Judge's order denying his motion to compel production of the hard drives because he contends that (1) the defendants "have no standing to assert attorney-client privilege on behalf of third-parties and may not withhold information that they have received in response to their subpoenas for relevant documents," and (2) the order denies the plaintiff "equal access to discovery materials." Pl.'s Appeal of M.J. June 24, 2011 Order, ECF No. 84, at 1-2. The Court, however, disagrees. The Magistrate Judge sequestered the hard drives not because the defendants "asserted privilege" over the information, but because the Magistrate Judge believed that the burden, expense, and nature of the proposed discovery outweighed its likely benefit. *See* FED. R. CIV. P. 26(b)(2)(C). Moreover, the Magistrate Judge's order did not deny the plaintiff access to relevant material.

### A. The Court Properly Limited Discovery

The plaintiff argues that the "Defendants have no standing to assert privilege and confidentiality on behalf of third parties" and cites *Washington v. Thurgood Marshall Academy*,

5

230 F.R.D. 18, 21 (D.D.C. 2005) for this proposition. Pl.'s Appeal of M.J. June 24, 2011 Order, ECF No. 84, at 5. That case, however, dealt with a party's motion to quash a subpoena, and, as defendants state, stands for the proposition that "absent some interest of its own that is implicated, one party may not seek to quash or limit a non-party subpoena issued by the other party since the non-party can themselves seek relief." Defs.' Opp'n Pl.'s Appeal, ECF No. 87, at 9. The present situation is quite different from *Washington*.

First, the defendants are not attempting to quash a subpoena, but are rather attempting to rectify an error committed by a non-party that resulted in the production of private and confidential information of other non-parties. While Mr. Kamau has not sought to quash the subpoena, he has stated that he mistakenly overproduced information, and has submitted a narrower, more responsive production to the defendants. These documents were shared with the plaintiff.

Second, the plaintiff correctly states that the "[d]efendants are clearly in no position to determine which documents within Mr. Kamau's production should be considered privileged." Pl.'s Appeal of M.J. June 24, 2011 Order, ECF No. 84, at 6. This is precisely why, pursuant to the Magistrate Judge's order, the defendants have sequestered *all* of the information contained on the hard drives, which, as the plaintiff himself admits, the defendants did "not fully review[]." *Id.*

Finally, the Magistrate Judge's decision to sequester the hard drives was not made because the defendants "asserted privilege" over the material. Rather, pursuant to Federal Rule of Civil Procedure 26(b)(2)(C),[8] the Magistrate Judge limited the scope of discovery after

---
[8] Federal Rule of Civil Procedure 26(b)(2)(C), provides that "[o]n motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that:

6

balancing a number of interests. *See In re Sealed Case (Medical Records)*, 381 F.3d 1205, 1215 (D.C. Cir. 2004) ("As a whole, 'Rule 26 vests the trial judge with broad discretion to tailor discovery narrowly.' And '[i]t is appropriate for the court, in exercising its discretion . . . , to undertake some substantive balancing of interests,'" quoting *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998) and *Laxalt v. McClatchy*, 809 F.2d 885, 890 (D.C. Cir. 1987) (alterations in original)). Specifically, the hard drives contain over 100,000 files, which, as the defendants state, would "dwarf[] the total quantity of documents produced by both sides to date." Defs.' Opp'n Pl.'s Appeal, ECF No. 87, at 7. Given that a majority of these files are unresponsive to the defendants' subpoena and are of limited relevance to this case, the Magistrate Judge reasonably concluded that the burden and expense of wading through these files outweighed any benefit. *See* FED. R. CIV. P. 26(b)(2)(C)(iii) (requiring the Court to limit discovery if "the burden and expense of the proposed discovery outweighs its likely benefit").

Additionally, a large number of the files contain confidential and personal information of unrepresented non-parties, who "were never subpoenaed, would be unaware of the production of information related to them, and would have no practical ability to assert their interests." Defs.' Opp'n Pl.'s Appeal, ECF No. 87, at 7. The Magistrate Judge was certainly within her prerogative to limit disclosure of this information, particularly when it is not responsive to the subpoenas and therefore of questionable relevance to plaintiff's copyright infringement action. *See United States v. Jicarilla Apache Nation*, 131 S.Ct. 2313, 2338 (2011) (stating that Fed. R.

---

(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;

(ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or

(iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues."

Civ. P. 26(b)(2)(C) "authoriz[es] courts to set limits on discovery based on equitable concerns"); *see generally Seattle Times Co. v. Rhinehart,* 467 U.S. 20, 35 n. 21 (1984) (commenting on Rule 26(c), and stating that "[a]lthough the Rule contains no specific reference to privacy or to other rights or interests that may be implicated, such matters are implicit in the broad purpose and language of the Rule.").

The plaintiff states that "the Magistrate Judge did not have sufficient information to have adequately and reasonably weighed the interests at issue." Pl.'s Reply, ECF No. 89, at 7. This assertion is erroneous. Given the number of discovery disputes in this case, the Magistrate Judge has become painstakingly aware of the parties' positions and interests in this litigation, the parties' efforts to obtain information during discovery, and the sources that would likely lead to relevant, pertinent information that would efficiently resolve the allegations in the plaintiff's Complaint. The Magistrate Judge was reasonable and correct to limit discovery, particularly in light of the cost and burdens of the proposed discovery, and, most significantly, the disclosure of private information of unrepresented third-parties not involved in this lawsuit.

**B. The Plaintiff Is Not Prejudiced By The Magistrate Judge's Ruling**

The plaintiff contends that the defendants have "cherry-picked useful material" from the hard drives, Pl.'s Reply, ECF No. 89, at 4, and because of this he is "not placed on 'equal footing' with respect to discovery." Pl.'s Appeal of M.J. June 24, 2011 Order, ECF No. 84, at 10. This is incorrect.

Upon realizing that the hard drives contained an overproduction and confidential information, the defendants stop reviewing those files. Defs.' Opp'n Pl.'s Appeal, ECF No. 87, at 2-3. Plaintiff himself admits that the defendants have "not fully reviewed" the files from the sequestered hard drives. Pl.'s Appeal of M.J. June 24, 2011 Order, ECF No. 84, at 6. Moreover,

with regard to the limited number of files that the defendants did review, the defendants have "agreed not to use *any*" of them. Defs.' Opp'n Pl.'s Appeal, ECF No. 87, at 8 (emphasis in original).[9]

The plaintiff contends that the "defendants have weighed the pros and cons and determined that it is better for them to abstain from any use [of the files]." Pl.'s Reply, ECF No. 89, at 4. The defendants' thought process is of no concern to the Court since the pending issue is whether the Magistrate Judge's order was clearly erroneous under the applicable Federal Rules of Civil Procedure. It was not. Any possible unfairness to the plaintiff arising from the defendants' initial access to overbroad production from a non-party is cured by the fact that the defendants have chosen to abandon documents that they themselves requested from Mr. Kamau and the PCC, and further, are barred by Court order from using them.

## IV. CONCLUSION

For the forgoing reasons, the plaintiff's appeal of the Magistrate Judge's June 24, 2011 Minute Order denying in part his Motion to Compel Discovery, ECF No. 77, is denied. The Magistrate Judge's order is affirmed. An order consistent with this Memorandum Opinion will be entered.

**DATED: AUGUST 9, 2011**

/s/ *Beryl A. Howell*
BERYL A. HOWELL
United States District Judge

---

[9] The plaintiff states that the defendants "used some materials from the first production that they have not represented were reproduced as part of a potential second, narrower production. Accordingly, any second production necessarily omitted relevant material and was therefore infirm." Pl.'s Reply, ECF No. 89, at 2. The record is unclear whether the defendants used documents from the original production of hard drives in the deposition of Mr. Kamau. Even if they did, the defendants have represented to Magistrate Judge Robinson and stated in their papers to the Court that they will not do so in the future. The defendants will not be allowed to use any material from the original production, including those portions of Mr. Kamau's deposition that may have been derived from information on the hard drives.